SNYDER v. SNYDER et al.

(Supreme Court, Special Term, Ontario County.  March 19, 1909.)

1. VENDOR AND PURCHASER (§ 261*)—VENDOR'S LIEN—RIGHT.
   The assignee of purchase-money notes was not entitled to a vendor's lien to satisfy notes given for the land and personalty thereon, where the part of the debt representing the land was not shown.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 680; Dec. Dig. § 261.*]

2. VENDOR AND PURCHASER (§ 266*)—VENDOR'S LIEN—WAIVER.
   The transfer of the purchase-money notes waived the vendor's lien on the land, so that his transferee would not be entitled to a lien.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 687; Dec. Dig. § 266.*]

3. FRAUDULENT CONVEYANCES (§ 312*)—PROCEEDINGS—RELIEF.
   In an action by a vendor to set aside an alleged fraudulent conveyance by his vendee, or in the alternative to establish a vendor's lien on the land, plaintiff could not recover an amount paid his vendee by the alleged fraudulent transferee as a part of the purchase price and afterwards given to the latter as a gift.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 965; Dec. Dig. § 312.*]

4. FRAUDULENT CONVEYANCES (§ 300*) — SUFFICIENCY OF EVIDENCE—PAYMENT OF CONSIDERATION.
   In an action to set aside a conveyance to defendant as in fraud of creditors, evidence held to show that defendant agreed to pay $3,000, in addition to the other consideration named in the deed, and actually paid that amount two months after the deed was executed.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 896; Dec. Dig. § 300.*]

5. FRAUDULENT CONVEYANCES (§ 80*) — TRANSFERS INVALID—CONSIDERATION— FUTURE SUPPORT.
   The owner of land valued at $8,000, of which $2,000 of the purchase price, represented by a note, had not been paid, in January, 1902, transferred it to defendant in consideration of $3,000 cash and his agreement to provide a home, board, clothing, and medical and personal attendance for the grantor during his lifetime, give him the use of a horse and carriage, and pay his funeral expenses, and on the same day executed a bill of sale for personalty thereon, valued at $500 or $600, in consideration of the payment to him of an annuity of $100.  The grantor owed no other debts at the time, and made all payments on the purchase-money note which became due in his lifetime.  Held that, since the $3,000 the grantor received on making the conveyance was sufficient to pay all his debts, including the note, the provision for his future support remained valid, at least until the grantor ceased to have sufficient property to pay the note, so that the conveyance was not fraudulent as to his vendor.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 207; Dec. Dig. § 80.*]

Suit by Phœbe Snyder, on behalf of herself and other creditors of David Snyder, deceased, against Willard J. Snyder, impleaded with Myron H. Snyder, as administratrix of David Snyder, deceased. Complaint dismissed.

This action is brought by plaintiff, as a creditor of David Snyder, deceased, on her own behalf and on behalf of all other creditors, to set aside a deed of a farm of 138 acres and a bill of sale of certain personal property upon this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

farm, both made on January 20, 1902; said deed not having been recorded until the 24th day of April, 1905. This farm was originally owned by William H. Snyder, and was subject to a mortgage in favor of David Snyder for about $6,000. On or about August 25, 1900, William H. Snyder and his wife, Phœbe, who is the plaintiff in this action, conveyed the farm to David Snyder by deed expressing the consideration of $8,000, and also gave a bill of sale of the personal property on the farm. This merged David Snyder's mortgage of $6,000, and on the same day he gave to William H. Snyder his promissory note for $2,000, payable at the rate of $100 per annum of principal, with interest at 4 per cent., with the privilege of making larger payments of principal, if he should so elect. This note represented the balance of the purchase-price of the farm and personal property, over and above the $6,000 mortgage. Thereafter and on the same day William H. Snyder executed to the plaintiff, Phœbe Snyder, his wife, a written bill of sale of this note and certain other personal property, and delivered the same, with the note, to William Pulver, a neighbor and a justice of the peace, who had prepared the papers and acted for the parties in the transaction, with instructions to take possession of the same for him and to deliver the same to the plaintiff, Phœbe Snyder, immediately after his death. In the month of November in the same year William H. Snyder died, and shortly thereafter Mr. Pulver delivered said $2,000 note and the bill of sale thereof to the plaintiff, Phœbe Snyder, who brings this action as the holder thereof, claiming an unpaid balance due thereon from David Snyder of $1,600 and some interest. David Snyder died in February, 1906, having made all the annual payments of $100 of principal and interest which came due and payable upon this note during his lifetime.

On the 20th day of January, 1902, David Snyder executed and delivered to the defendant Willard J. Snyder a deed of this farm, expressing a consideration of $1 paid, and containing covenants on the part of the grantee, Willard J. Snyder, during the lifetime of said David Snyder, to furnish and provide him a good and suitable home, board, clothing and lodging, care, mending and washing, proper wearing apparel, medicines and medical attendance, care, and assistance when ill, the use of one horse and carriage and harness, and feed and care for the same, and upon the death of said David Snyder pay and defray all his funeral expenses; and on the same day said David Snyder executed and delivered to said Willard J. Snyder a bill of sale of personal property upon said farm, of the value of $500 or $600, in consideration of an agreement of said Willard J. Snyder, contained therein, to pay to said David Snyder $100 on the 20th day of January in each and every year thereafter during the lifetime of said David Snyder. This deed and bill of sale were delivered to the defendant Willard J. Snyder on the evening of the day they were executed; but he did not record the deed in the county clerk's office until the 24th day of April, 1905. He took possession of the farm and personal property shortly after the deed was made, and he took David Snyder into his family and furnished him support and maintenance from the date of the deed, January, 1902, until the date of his death, February, 1906, and paid his funeral and burial expenses. At the time of his death, David Snyder owed no debts, except the note held by the plaintiff upon which this action is brought, and at the time of the making of the deed by David Snyder to the defendant Willard J. Snyder, January, 1902, David Snyder owned no other real estate and no personal property other than that included in the bill of sale to Willard J. Snyder, except to the value of $200 or $300, and except a claim against Willard J. Snyder for $3,000, part of the purchase price of said farm, which the defendant Willard J. Snyder claims he agreed to pay, and did subsequently and within two or three months pay to David Snyder in cash.

This action is brought to set aside the deed and bill of sale to Willard J. Snyder as fraudulent against the plaintiff, or, in the alternative, to establish an equitable lien for the plaintiff's debt upon this farm as a part of the purchase price thereof remaining unpaid on its sale from William H. Snyder to David Snyder.

Huson & Lincoln, for plaintiff.

George D. Peck (Frank Rice, of counsel), for defendant.

FOOTE, J. Plaintiff is not entitled to a vendor's lien, even if one could be adjudged in this form of action, first, because her debt represents part of the purchase price of personal property, and the amount which is purchase price of the land is not shown; second, because the transfer of the note to her, if valid, did not carry the vendor's lien, but waived it. White v. Williams, 1 Paige, Ch. 502; Hallock v. Smith, 3 Barb. 267; Smith v. Smith, 9 Abb. Prac. (N. S.) 420.

Although many of the circumstances raise serious doubt as to the alleged payment of the $3,000 as part consideration for the farm, yet, in the absence of sufficient evidence or controlling circumstances to the contrary, I must accept the positive testimony of defendant and his wife to such payment, corroborated as it is by the receipt of David Snyder for the money and the promissory notes given by defendant to his wife for $2,000 of the money borrowed from her. The facts that David Snyder, during the remaining four years of his life, is not shown to have had any such amount of money, and that its loss or disposition is in no way satisfactorily accounted for, and that when he died it had wholly disappeared, and that his mode of life was such that he could not have used any of it for himself, have caused considerable hesitation in reaching the conclusion that it was actually paid. It is, of course, possible that deceased burned this money, as one witness claims to have overheard him threatening to do, or he may have made a gift of the money to defendant or some member of his family. If so, it cannot be recovered in this form of action. The testimony as to amounts of money in currency seen in possession of deceased and in pocketbooks in his room is of little probative value here. It does not show him in possession of so large a sum as $3,000 at any time. These circumstances, however, I am constrained to hold do not overcome the positive testimony as to the actual payment of the money. The weight of the testimony is in favor of the defendant to the effect that on the purchase of this farm defendant agreed to pay $3,000, in addition to the consideration named in the deed, and that he did actually pay that sum within about two months after the deed was made.

This being so, the transaction was not fraudulent as to plaintiff, notwithstanding the provision for the grantor's benefit and his future support. The grantor owed no other debts; at least, it is not shown that he did. With $3,000 in his possession, he was not insolvent. He had ample property to pay all his debts, including plaintiff's note.

The provision for his future support was valid at the time it was made, and remained valid, at least until such time as he ceased to have sufficient other property to pay plaintiff's note. He made all the payments on this note which matured in his lifetime, amounting to over $700 of principal and interest. If he committed any fraud on plaintiff's rights, it was not in making the deed, but in subsequently disposing of the $3,000; or, if he did not dispose of it, then some third party has committed a fraud both on plaintiff and the deceased by secreting it. I think the case is controlled by the principles decided in Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105.

It follows that plaintiff's complaint must be dismissed, but no costs are allowed to defendant. Findings may be submitted.